### MASON *v.* CITY OF MUSKEGON.

MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS—COMMENCEMENT OF SUIT.

111  .  687
127     91

One who under protest has paid taxes assessed upon his lands cannot maintain an action for the repayment of such taxes against a city whose charter provides that it shall be a sufficient defense to any action or proceeding against the city for the collection of any claim that such action or proceeding was begun before the common council had time to pass upon or investigate the claim, where he commenced his action before the next meeting of the council. after the one at which the claim was presented to it.

Error to Muskegon; Russell, J. Submitted January 8, 1897. Decided March 10, 1897.

*Assumpsit* by Lyman G. Mason against the city of Muskegon to recover taxes paid under protest. From a judgment for defendant, plaintiff brings error. Affirmed.

*Arthur Jones*, for appellant.

*H. L. Delano*, for appellee.

MOORE, J. This suit was brought to recover a sum of money paid by plaintiff under protest for taxes assessed upon lands in the city of Muskegon for the year 1887. A great many questions are raised by the record, which will not require discussion here. The record discloses that the taxes were paid February 29, 1888. The first regular meeting of the common council for the city of Muskegon, after the taxes were paid, was held March 2d. The plaintiff did not present any claim for the taxes so paid at that meeting, but at the next regular meeting, which was held the 16th of March, he did present a claim, which was duly verified. This was at once referred by the council to the city attorney and the city treasurer for investigation, they to report the result of the investigation to said council. The next regular meeting of the council was held April 5th. Before that meeting was held, and before the city attorney and city treasurer had made their reports,—on March 29th,—the plaintiff brought this suit.

The charter of Muskegon provided that claims should be presented to the common council, and that "it shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the city, of any description whatever, that it has never been presented as aforesaid to the council for allowance, or that the claim was presented without the affidavit aforesaid, and rejected for that reason, or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it." The court found as a matter of fact that when this suit was brought the council had neither rejected the claim nor had it had a reasonable opportunity to investigate it, and found as a conclusion of law that the plaintiff was not entitled to maintain his action. We think both of these conclusions were right. The charter provision is a reasonable one, and should be given such a construction as to make it effective. *City of Detroit* v. *Michigan Paving Co.*, 38 Mich. 358; *Springer* v. *City of Detroit*, 102 Mich. 300; *Louden* v. *City of East Saginaw*, 41

Mich. 18; *Mead* v. *City of Lansing*, 56 Mich. 601; *Crittenden* v. *City of Mt. Clemens*, 86 Mich. 220.

This case is not like the case of *Whitney* v. *City of Port Huron*, 88 Mich. 268 (26 Am. St. Rep. 291), where four regular meetings of the council intervened after the claim was presented before the suit was brought. Here no meeting had intervened.

· Judgment is affirmed.

The other Justices concurred.