SELDEN *v.* VILLAGE OF ST. JOHNS.

1. VILLAGES—PERSONAL INJURIES—PRESENTMENT OF CLAIM.

A village is not liable for an injury caused by a defective side-walk where no claim was presented to the common council before bringing suit, as required by Act No. 3, Pub. Acts 1895, chap. 5, § 7, although notice of the time and place of receiving the injury was served on the village clerk or his deputy, as required by chapter 7, § 7.

2. SAME—TRIAL—WAIVER OF OBJECTION.

A village sued for personal injuries does not waive an objection, raised at the close of plaintiff's case, that plaintiff had never presented his claim for audit and allowance, by introducing testimony after an adverse ruling thereon.

Error to Clinton; Daboll, J. Submitted November 6, 1897. Decided November 17, 1897

. Case by Josephus O. Selden against the village of St. Johns for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Will H. Brunson*, for appellant.

*Lyon & Dooling*, for appellee.

GRANT, J. Plaintiff recovered verdict and judgment for injury received on an alleged defective sidewalk. The only question we need consider is, Did plaintiff present his claim to the common council of the defendant village prior to bringing suit, within the terms of the statute? Section 7, chap. 7, Act No. 3, Pub. Acts 1895, provides that no village shall be liable for such damages unless the person injured shall serve or cause to be served, within 60 days after such injury shall have occurred, a notice in writing upon the clerk of the village, or his deputy, setting forth substantially the time when and the place where such injury took place. This notice was served, and was the only claim made before suit was

brought.    Section 7 of chapter 5 provides for presenting claims against the village for audit and allowance.    It contains the following provision:

"It shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the village, for personal injuries or otherwise, that it has never been presented, certified to or verified as aforesaid, to the council for allowance; or, if such claim is founded on contract, that the same was presented without the certificate or affidavit aforesaid, and rejected for that reason; or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it."

Plaintiff did not comply with this provision.    The last section above quoted expressly includes claims for "personal injuries."    The presentation of the claim is as expressly required by the statute as is the previous notice of the intention to hold the village liable.    This statute was passed in 1895, and was undoubtedly intended to remedy a defect in the statute, under the decision of *Lay* v. *City of Adrian,* 75 Mich. 438, which held that claims for personal injuries were not included in the language of the act then under discussion, and found on page 442 of that opinion.    Since then this court has held that such claims must be presented to the council.    *Springer* v. *City of Detroit,* 102 Mich. 300.    In that case the term "personal injuries" was not used, but, instead, the term "unliquidated claim."

It is urged that the defendant waived this objection upon the trial.    The objection was raised at the close of the plaintiff's case, and the court expressly ruled against the defendant.    One ruling was sufficient, and it was not necessary for the defendant to again raise the point.    It was not waived by the subsequent introduction of testimony to meet the plaintiff's case.

Judgment reversed, and no new trial ordered.

The other Justices concurred.