## ANGELL *v.* CITY OF WEST BAY CITY.

1. MUNICIPAL CORPORATIONS — AMENDMENT TO CHARTER — PROSPECTIVE OPERATION—CLAIM FOR PERSONAL INJURIES.

The provision of section 1 of chapter 22 of the amended charter of West Bay City (Act No. 442, Local Acts 1897), that the city shall not be liable in damages for injuries sustained by any person by reason of a defective street or sidewalk, unless such person shall serve, "within 60 days after such injury shall have occurred," a notice in writing upon the city clerk, setting forth the time, place, manner, and extent of the injury, is not binding upon one whose injuries were sustained 10 days before the amended charter took effect. GRANT, C. J., dissenting.

2. SAME—VERIFICATION OF CLAIM.

Section 20 of chapter 8 of the amended charter of West Bay City provides that "no account, claim, or contract shall be received for audit or allowance unless it shall be accompanied with * * * an affidavit of the person rendering it * * * that the services therein charged have been actually performed, or the property delivered, for the city, and that the sums charged therefor are reasonable and just." The section further provides that it shall be a sufficient defense to any action for the collection of any demand or claim against the city, for personal injuries or otherwise, that it has never been presented to the council for allowance, or, "if such claim is founded on contract," that the same was presented without the affidavit aforesaid. *Held*, that the requirement of an affidavit does not apply to a claim for personal injuries.

Error to Bay; Maxwell, J.   Submitted June 9, 1898. Decided July 18, 1898.

Case by John C. Angell against the city of West Bay City for personal injuries.   From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Lyon & Pierce,* for appellant.

*Lee E. Joslyn,* for appellee.

MONTGOMERY, J.   In this case plaintiff brought suit to recover damages for an injury sustained by him on the 15th day of May, 1897, while traveling on foot upon a sidewalk in defendant city, which he claimed was out of repair, and not reasonably safe for public travel, and that his injury was the result of a fall caused by the dangerous condition of said walk, and that the defendant had knowledge that it was not reasonably safe for travel prior to the injury, and for a time that would have enabled it, by the exercise of ordinary diligence, to repair the walk before the date plaintiff was injured.   The charter of West Bay City was revised and amended by an act of the legislature approved May 26, 1897 (Act No. 442, Local Acts 1897), and in this revision certain provisions were made, relating to claims against the city for damages sustained through injuries resulting from defective streets and sidewalks by persons traveling thereon, not contained in the charter prior to said revision.   Section 1 of chapter 22 of said amended charter, among other things, provides as follows:

"The city shall not be liable in damages sustained therein by any person, either to his person or property, by reason of any defective street, sidewalk, cross-walk, or public highway, or by reason of any obstruction, ice, snow, or other incumbrance upon such street, sidewalk, cross-walk, or public highway, situated in said city, unless such person shall serve or cause to be served, within 60 days after such injury shall have occurred, a notice in writing upon the clerk of said city, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injury, as far as the same has become known, and that the person receiving such injury intends to hold the city liable for such damages as may have been sustained by him.   All such facts as heretofore named, relating to personal injuries, shall be set forth in an affidavit made by claimant.   Such affidavit shall also state the name of the attending physician, if any, the amount

of money, if any, expended for medical attendance, the loss of time and the value thereof, and shall fully describe the nature and extent of the injury received, and the amount of compensation claimed by reason of such damage or injury. All claims for damages against the city, growing out of negligence or default of said city, or of any officer or employé thereof, shall be presented to the council in the manner above provided within 60 days after such damage has been sustained or injury received, and, in default thereof, shall thereafter be forever barred."

Section 20 of chapter 8 of the revised and amended charter, approved on the date specified, is as follows:

"The council shall audit and allow all accounts and claims chargeable against the city; but no account, claim, or contract shall be received for audit or allowance unless it shall be accompanied with a certificate of an officer of the corporation, or an affidavit of the person rendering it, to the effect that he verily believes that the services therein charged have been actually performed, or the property delivered, for the city, that the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists nor payment has been made on account thereof, except as are indorsed or referred to in such account or claim; and every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be a sufficient defense in any court to an action or proceeding for the collection of any demand or claim against the city, for personal injuries or otherwise, that it has never been presented to the council for allowance, or, if such claim is founded on contract, that the same was presented without the certificate or affidavit aforesaid, and rejected for that reason, or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it."

The counsel for defendant objected to the introduction of any testimony by plaintiff, and based his objection upon the claim that plaintiff did not, within 60 days from the time of the injury, or the date when the charter went into effect, present the notice to the council required by section 1 of chapter 22 of said revised charter, and that he did not present, before the suit was commenced, an ac-

count to the city, verified by affidavit. The plaintiff offered to show that on the 9th of August, 1897, he caused to be served upon the clerk of West Bay City a claim in writing, in compliance with the city charter in every respect; setting forth the matters required by said section 1 of chapter 22, and that plaintiff also, after demand made, and on the 15th day of November, 1897, caused to be served upon the clerk of said city a bill of particulars of his claim for damages. The court held that the plaintiff could not maintain his suit, for the reason that he did not file the claim required by section 1 of chapter 22 of the charter within 60 days after the injury, and refused to admit any testimony, and directed a verdict for the defendant. The plaintiff excepted to the ruling of the court and the direction given above, and claims the court's refusal to permit plaintiff to give evidence in the case, and the direction given to the jury to render a verdict for the defendant, was error.

The questions involved in the case are as follows: Do the provisions of section 1 of chapter 22 of the revised charter, requiring a claim to be filed within 60 days after the injury, apply to plaintiff's case, in which the injury occurred prior to the time the revised charter was approved and took effect? If necessary to file a claim with the council before the commencement of suit, was the claim filed by the plaintiff with the common council sufficient to meet the requirements of the revised and amended charter?

The general rule is that a statute is to be construed as having a prospective operation only, unless its terms show clearly a legislative intention that its terms should operate retrospectively. *Ludwig* v. *Stewart*, 32 Mich. 27; *Harrison* v. *Metz*, 17 Mich. 377; *McKisson* v. *Davenport*, 83 Mich. 211 (10 L. R. A. 507); *Atherton* v. *Village of Bancroft*, 114 Mich. 241; Cooley, Const. Lim. (6th Ed.) 455. It is significant that the language quoted from section 1, chap. 22, follows provisions of the same section imposing duties upon the city authorities,—provisions plainly prospective. Moreover, the provisions quoted do

not, in express terms, apply to cases in which the injury has already been sustained. If the statute had been so construed, the effect would be to cut off one whose claim had accrued 59 days before the law took effect just as effectually as it would this plaintiff. We cannot ascribe to the legislature the purpose of working out so great an injustice, in the absence of clear and unequivocal language. The language here employed does not express such a purpose, as the cases have generally held. It is generally held that an amendment of a statute of limitations, shortening the term within which an action may be brought "after the cause of action shall have accrued," should be construed as having prospective operation only. See article in 17 Alb. Law J. 183, and cases. The language here employed, "within 60 days after such injury shall have occurred," is similar.

It is further contended that, even if the provisions of section 1, chap. 22, do not apply to this case, the plaintiff cannot maintain this action, for the reason that he has failed to comply with the requirements of section 20, chap. 8, above quoted. The point made is that the claim was not accompanied by an affidavit; but we think this section does not require an affidavit to a claim for personal injuries. The facts required to be set up in the affidavit required by this section are not pertinent to such a claim. Furthermore, the clause that "it shall be a sufficient defense" that the claim was never presented for allowance, "or, if such claim is founded on contract, that the same was presented without the certificate or affidavit aforesaid," leaves no doubt of the intention to limit the requirement as to the affidavit to contract cases.

The judgment should be reversed, and a new trial ordered.

HOOKER, MOORE, and LONG, JJ., concurred with MONTGOMERY, J.

GRANT, C. J. (*dissenting*). Plaintiff claims that he

was injured May 15, 1897, by a fall on a defective sidewalk of the defendant city, and that the defect was due to its negligence. Upon the trial the court directed a verdict for the defendant because plaintiff had failed to serve upon the common council a verified statement of his claim within 60 days after the accident.

The revised charter of the defendant took effect May 26, 1897. Section 20, chap. 8, and section 1, chap. 22, require the service of such verified statement as a condition precedent to suit, and make failure to present it a sufficient defense to the action. Act No. 442, Local Acts 1897. Plaintiff offered to show a verified claim presented August 9, 1897, which offer was rejected.

No liability for injuries caused by defective highways and sidewalks exists at the common law. It is purely a creature of the statute. One legislature may give the right, and another may take it away. If the law establishing the liability were repealed, it would destroy all existing rights of action, in the absence of a saving clause. The repeal involves no violation of contract, and there is no vested right, in such case, until the statutory right is merged in judgment. When the statute is repealed, the situation is the same as though it had never existed. End. Interp. Stat. §§ 478–486; *National Bank* v. *Williams*, 38 Fla. 305; *Musgrove* v. *Railroad Co.*, 50 Miss. 677; *Grim* v. *Weissenberg School District*, 57 Pa. St. 433 (98 Am. Dec. 237); *Bennet* v. *Hargus*, 1 Neb. 419; *John S. Hanes & Co.* v. *Wadey*, 73 Mich. 178 (2 L. R. A. 498); *Heineman* v. *Schloss*, 83 Mich. 153. The rule is stated by Endlich as follows: "In all matters of pure legislation, contract and vested rights not resulting,  *  *  *  the repeal of the statute puts an end to all proceedings pending undetermined under it." End. Interp. Stat. § 486. If the repeal destroys the statutory right of action, it follows that any modification of the remedy controls the future exercise of the right. The effect of the charter was to deprive plaintiff of his remedy, and his right of action as well, unless he complied with the provision of the law.

He had ample time, and ignorance of the law furnishes no excuse.

Judgment should be affirmed.