### BROFFEE *v.* CITY OF GRAND RAPIDS.

MUNICIPAL CORPORATIONS—CLAIMS FOR PERSONAL INJURIES—PRESENTATION TO COUNCIL—OPERATION OF STATUTE.

> Title 4, § 8, of the Grand Rapids charter (Act No. 444, Local Acts 1895), requiring claims against the city for injuries sustained by reason of defective sidewalks, etc., to be presented to the common council within 60 days after the injury occurred, does not apply to claims for injuries received before such provision became operative.

Error to superior court of Grand Rapids; Adsit, J., presiding. Submitted May 10, 1901. Decided June 4, 1901.

Case by Bridget Broffee against the city of Grand Rapids for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Lant K. Salsbury*, for appellant.

*McKnight & McAllister*, for appellee.

MOORE, J. The following statement of facts is taken from the brief of appellant:

"The plaintiff recovered verdict and judgment for $2,253.75 in a suit commenced on November 19, 1898,

| 127 | 89 |
| 155 | 704 |
| d155 | 705 |
| j155 | 710 |

| 127 | 89 |
| 156 | 197 |

| 127 | 89 |
| 158 | 348 |

under the provisions of Act No. 264 of the Public Acts of 1887, entitled ' An act to provide for the recovery of damages for injuries caused or sustained by reason of defective public highways, streets, bridges, sidewalks, cross-walks, or culverts' (1 Comp. Laws, §§ 3441–3445). The plaintiff alleged in her declaration that she was injured by falling upon a defective sidewalk on Plainfield avenue, in the city of Grand Rapids, in the evening of May 20, 1895.

"By title 4, § 8, of the Revised Charter of Grand Rapids (Act No. 444, Local Acts 1895), which became operative May 27, 1895, it was provided that:

" ' If any claim for unliquidated damages against said city for injuries to persons or property by reason of any defect in sidewalks, streets, cross-walks, bridges, alleys, or other public places in said city, or in any action of tort against said city, such claimant shall present the same to the common council within sixty days after the injury or wrong occurred;  *  *  *  and any such claim shall be void unless such claimant shall bring an action against said city for such demand within a period of one year from and after said council has had a reasonable time to investigate and pass upon such claim, which time shall not exceed a period of thirty days.'

" The plaintiff did not allege, nor did she seek to prove, that she had complied with the charter provision above mentioned.    Upon the trial objection was made to the introduction of evidence under the declaration because of the lack of such an allegation.    At the close of the trial the court was requested to instruct the jury that the plaintiff, having failed to show a presentation of her claim to the council within the 60 days limited by the charter therefor, could not recover.  This request was denied, and the court instructed the jury that, if the plaintiff received the injury complained of before May 27, 1895, the law requiring the filing of the claim with the city clerk within 60 days did not apply, and that plaintiff might bring her action any time within six years from the time of the injury, if it happened before May 27, 1895."

The court charged the jury, if the injury did not occur before May 27, 1895, plaintiff could not recover.

Some exceptions are alleged as to the admission of testimony, the charge of the court, and the argument of counsel.  We do not think the court erred in relation to the admission of testimony. The charge covered the questions

involved in the case, and was even more favorable to the defendant than it was entitled to have it.   We deem it necessary to discuss but one portion of the charge, which will be referred to later.   A portion of the argument made by the counsel is not to be commended, but we cannot say it was so prejudicial as to make a reversal of the case essential.   *Battishill* v. *Humphreys*, 64 Mich. 514 (38 N. W. 581).

The important question in the case is, Did the court err in holding that, if the injury occurred prior to the charter provision taking effect, the claimant was not bound to present her claim to the council before bringing suit?   It is insisted plaintiff's right of action was barred by her failure to present her claim.   Counsel says:

" The charter amendment of 1895, requiring the presentation of damage claims to the common council, dealt with the remedy only, and did not affect the right of action. It was the purpose of the amendment to allow the city authorities an opportunity to investigate the circumstances of the alleged injury before the evidence in the matter became lost, or obscured, or subject to distortion; and such a regulation is reasonable and valid.   *Selden* v. *Village of St. Johns*, 114 Mich. 698 (72 N. W. 991); *Davidson* v. *City of Muskegon*, 111 Mich. 454 (69 N. W. 670); *Mason* v. *City of Muskegon*, 111 Mich. 687 (70 N. W. 332)."

A reference to these cases will show that the injury occurred after the charter provisions became law, and they are not controlling in this case.   There is nothing in the provisions of the charter to indicate it was intended to be retroactive.   If the contention of the counsel for the city is to prevail, persons having claims against the city would not be upon an equal footing.   In the case at bar, if plaintiff s claim that she was injured on the 20th of May is true, she would have but 53 days after the law took effect in which to present her claim, while, if she had been injured 50 days earlier, she would have had but 3 days to present her claim, while persons receiving injuries after this charter provision became operative would have

the full 60 days. We do not think the statute should be given a construction which shall lead to such results. The case is governed by *Angell* v. *City of West Bay City*, 117 Mich. 685 (76 N. W. 128), and cases there cited.

The judgment is affirmed.

The other Justices concurred.