MOULTHROP v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CHARTER REQUIREMENTS—EVIDENCE—BURDEN OF PROOF.

The burden of proof rests upon plaintiff, in an action on a claim against a municipality, to show compliance with the charter requiring presentation of claim to the common council for audit and allowance as a prerequisite to bringing action.

2. SAME—ADMISSIONS—SPECIAL NOTICE.

A superfluous special notice admitting that a petition with affidavit attached was filed with the common council, but charging it was not in accordance with requirements of the charter, is not an admission that the mandatory provision of the charter had been complied with.

3. SAME—FAILURE TO SHOW COMPLIANCE WITH CHARTER—DIRECTED VERDICT.

In an action against the city of Detroit, where it was neither alleged in the declaration nor shown by plaintiff's proofs that his claim for damages to a leased building had been presented to the common council of the city for audit, etc., as required by the charter, defendant was entitled to a directed verdict.

Error to Wayne; Barton (Joseph), J., presiding. Submitted January 24, 1922. (Docket No. 126.) Decided June 5, 1922. Rehearing denied July 20, 1922.

Assumpsit by Harry C. Moulthrop against the city of Detroit for rent. Judgment for plaintiff. Defendant brings error. Reversed.

*James R. Walsh* (*Clarence E. Wilcox,* of counsel), for appellant.

*Edward A. Rich* (*Henry P. Seaborg,* of counsel), for appellee.

STEERE, J.   On March 12, 1917, the city of Detroit through its board of health leased from plaintiff a building known as the Irwin apartments, to be used as nurses' quarters for the period of one year thereafter at an annual rental of $14,400 payable monthly in advance, or at the rate of $1,200 per month.   An epidemic of scarlet fever was then prevalent in the city of Detroit, resulting in an overcrowded city hospital near by not having capacity to accommodate its nurses and the building was secured to house them. The lease contained in customary form a provision that the city of Detroit would at its own expense during the continuance of the lease "keep the said premises and every part thereof in as good repair and at the expiration of said term yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and damage by the elements excepted."   Having occupied the building for the purpose stated during the year the lease ran the city vacated the premises at the end of the term and delivered the same over to plaintiff.   He claimed that after the place was surrendered an examination of its condition disclosed serious unrepaired damage done to the building during the city's tenancy, for which it was liable under its covenant to keep and return the premises in good repair as when taken, etc.   Claiming it would require an expenditure of over $2,000 to place the building in as good repair as when taken over by the city, he presented his claim to the board of health therefor.   After investigation and inspection, of the building the board refused to recognize his demand except as to a few minor items.

On October 25, 1918, plaintiff commenced this action against the city to recover the amount of his claimed damages, filing and serving upon defendant's counsel a bill of particulars amounting to $2,287.30, which included a month's rent of $1,200 to cover the time the

218 Mich.—30.

building was idle while undergoing necessary repairs. His declaration was upon the common counts in assumpsit with a special count covering defendant's claimed violation of its lease in the particular related.

Defendant first pleaded the general issue, and thereafter by amended plea gave special notice of defense under its charter as follows:

"That the claim of this plaintiff was never audited, allowed or rejected by the common council of the city of Detroit as provided in said charter. That the affidavit attached to the petition filed with the common council of the city of Detroit was not in accordance with the charter of said city; that the petition filed with the said common council sets forth the sum of $2,175.37, whereas the bill of particulars in above entitled cause sets forth the sum of $2,287.30, and in the declaration filed herein this plaintiff is asking damages in the sum of $5,000; that the said claim of $2,287.30 nor the $5,000 above set forth were never presented to the common council for audit and allowance as prescribed by the city charter."

The city charter in force at the time of this lease provides as follows:

"The common council shall audit and allow all accounts chargeable against the city, but no unliquidated account, or claim, or contract shall be received for audit or allowance unless it be accompanied with an affidavit of the person rendering it, to the effect that he verily believes that the services or property therein charged have been actually performed or delivered for the city, that the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists, nor payment has been made on account thereof, except such as are included or referred to in such account or claim. It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city, that it has never been presented to the common council for audit or allowance, or if on contract, that it was presented without said affidavit and rejected for that reason or that the action or proceeding was brought before the common

council had a reasonable time to investigate and pass upon it."

Plaintiff's declaration contained no allegation that the above condition precedent had been complied with and he offered no testimony to that effect during the trial. At the conclusion of plaintiff's testimony defendant's counsel moved for a directed verdict on the ground among others that plaintiff's claim had never been properly presented or audited, as indicated in defendant's notice under the plea of the general issue. The motion was denied and renewed again at the close of all the testimony, with added requests to charge fully covering plaintiff's failure in pleadings and proofs to comply with the charter requirements quoted, which were refused. Plaintiff recovered a verdict with judgment thereon for $2,000.

The question raised and argued in counsel's briefs is whether plaintiff's action should fail because his claim was neither alleged in his declaration or shown by his proofs to have been presented to the common council of the city of Detroit for audit, etc., as the charter requires. That during the entire trial of this case plaintiff's pleadings and proofs were silent as to and entirely ignored the quoted provisions of the charter is beyond denial on the record before us, but plaintiff's counsel points to defendant's special notice under its plea of the general issue and asserts that by it defendant admits the claim was presented to the common council, accompanied by an affidavit of the claimant, and that

—"the claim was never rejected for the reason that it was presented without an affidavit, or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it."

The following singular statement, in view of the record, is also made in plaintiff's brief:

"On the 31st day of July, 1918, a petition was filed with the clerk of the common council asking for

damages sustained to the building through the occupancy of the board of health, a copy of said petition being served upon the corporation counsel and a copy also mailed to the secretary of the board of health. From that date on, there was no action taken by the common council in the way of allowance or rejection of the claim. Therefore upon the 25th day of October, 1918, this suit was started in the circuit court for the county of Wayne."

No copy of the petition or affidavit appears in this record or is shown to have been offered in evidence or produced on the trial. Accepting as true the above quoted statements in plaintiff's brief (off the record except as appears in defendant's special notice) it can only be suggested that if those facts were alleged in the declaration and sustained by proof upon the trial they might materially alter the aspect of the case.

It is first contended for plaintiff that the infirmity in the declaration claimed by defendant being apparent on the face of the pleading it should have been raised by demurrer; that it was not only waived by pleading the general issue, but not having given special notice of the ground of objection until long after, nor raised the question during the trial until plaintiff rested, it comes too late to be entertained.

In *City of Detroit* v. *Paving Co.*, 38 Mich. 358, a like provision of the city charter was before the court. Holding that to present a claim against the city to its common council for audit and allowance as required by its charter was a prerequisite to an action for its recovery, the court said in comments sustaining that view:

"The statute designs, as far as possible, to avoid the bringing of lawsuits, and to require an attempt to settle as a condition precedent to suing. It does not require any plea to be put in asserting that the claim was never presented, and inasmuch as the plaintiff must always know whether or not this was done, he cannot need to be informed of it by notice."

In *Springer* v. *City of Detroit,* 102 Mich. 300, the question was again before the court on a like provision of the charter. The declaration failed to allege the claim had been presented to the common council. In that case defendant's counsel nevertheless did under his plea of the general issue give notice that he would insist in its defense upon the trial "that plaintiff's claim was never presented to the common council of Detroit for audit and allowance as required by its charter." On the trial he early objected to plaintiff's evidence on that ground which was overruled, and at the close of the testimony he requested a directed verdict in defendant's behalf because it had not been shown that statutory requirement had been complied with, which was denied. Plaintiff had judgment and on review after discussing questions not material here it was said of this objection, "our own court has settled this in favor of the contention made by defendant," and the judgment was reversed.

In *Selden* v. *Village of St. Johns,* 114 Mich. 698, the question arose under a similar provision of the statute as to villages. An inadequate attempt was made to comply with the statute by serving notice in writing upon the village clerk. The original record also shows an allegation in the declaration that a verified paper in writing stating the nature of plaintiff's claim and that he intended to "hold the village of St. Johns liable for such damages" was served upon the clerk. Defendant's counsel filed only a plea of the general issue. When plaintiff sought to prove the allegation in his declaration and offered the notice filed with the village clerk defendant's counsel said he had "no objection to its going in evidence now but might have some objections to offer later." At the close of plaintiff's testimony he moved for a directed verdict on the ground that the statutory prerequisite had not been complied with, which the court overruled and plaintiff had judgment. On review in this court plaintiff's

counsel claimed, as is claimed here, that the objection came too late and was waived upon the trial. It is said in the opinion:

"One ruling was sufficient, and it was not necessary for the defendant to again raise the point."

The judgment was reversed for the reason that plaintiff had failed to show compliance with the statutory prerequisite.

The only disturbing element in this case, because novel, is defendant's notice of special defense garnished with the admission of an "affidavit attached to the petition filed with the common council," the saving grace of which is, however, that the notice asserts it "was not in accordance with the charter of said city." Counsel for defendant impute this special notice to the provision in Circuit Court Rule No. 23 which requires special notice to be given of an affirmative defense. To contend that plaintiff has failed to make out a case is not an affirmative defense.

Previous decisions make plain that the burden of proof rests upon plaintiff in an action against a municipality to show compliance with such charter or statutory prerequisites as are under consideration here before recovery can be had. A superfluous special notice admitting that a petition with affidavit attached was filed with the common council but charging it was not in accordance with requirements of the charter is not an admission that the mandatory provision of the charter had been complied with.

For the foregoing reasons the judgment is reversed, with costs to defendant, and the case remanded for such further proceedings as the trial court may determine in harmony with this opinion.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.

The late Justice STONE took no part in this decision.