POWELL *v.* VILLAGE OF FENTON.

1. MUNICIPAL CORPORATIONS — FIGHTING FIRES GOVERNMENTAL
    FUNCTION.
    A village is performing a governmental function while
    engaged in fighting a fire, and it is therefore not liable
    for injuries to persons or property resulting therefrom,
    even when caused by the negligence of the firemen.

2. EVIDENCE—MATTER OF COMMON KNOWLEDGE.
    It is a matter of common knowledge that, to extinguish a
    fire, in almost every instance firemen must necessarily run
    their hose across a sidewalk and street, and one approach-
    ing the scene of a fire should expect it to be so.

3. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—HIGHWAYS AND
    STREETS—LAYING FIRE HOSE ACROSS SIDEWALK.
    A village is not liable for injuries to a pedestrian caused
    by tripping over a hose laid across a sidewalk by firemen
    engaged in fighting a fire; the street not being thereby
    rendered unsafe for travel within the meaning of 1 Comp.
    Laws 1915, § 4584.

Error to Genesee; Black (Edward D.), J.    Sub-
mitted June 7, 1927.    (Docket No. 18.)    Decided
July 29, 1927.

Case by Lydia Powell against the village of Fenton
for personal injuries.    Judgment for plaintiff.    De-
fendant brings error.    Reversed, and no new trial
ordered.

*George W. Cook,* for appellant.

*C. A. Withey,* for appellee.

SNOW, J.    The plaintiff was injured by tripping
over a fire hose across the sidewalk on Caroline street

[1]Municipal Corporations, 43 C. J. §§ 179, 1445, 1746; 9 A. L. R.
143; 33 A. L. R. 688; [2]Evidence, 23 C. J. § 1810; [3]Municipal Cor-
porations, 43 C. J. § 1746; 4 L. R. A. (N. S.) 629; 44 L. R. A.
(N. S.) 68; 19 R. C. L. 1117; 3 R. C. L. Supp. 995; 4 R. C. L.
Supp. 1309; 5 R. C. L. Supp. 1059; 6 R. C. L. Supp. 1161.

in the village of Fenton.   The hose had been placed there by the village fire department in its attempt to extinguish a fire in a store building on Leroy street some half block away.   The streets in the vicinity of the accident were well lighted and in good condition of repair.   Plaintiff relies solely upon section 4584, 1 Comp. Laws 1915, requiring municipal corporations to keep their streets reasonably safe and fit for travel, claiming that the laying of the hose by the village fire department across the sidewalk, in its effort to put out a fire, constituted a violation of this statute, rendered the street unsafe, and the village liable in damages. She was permitted to recover, and defendant brings error.

In *Brink* v. *City of Grand Rapids,* 144 Mich. 474, this court has held:

"Without doubt, according to the weight of authority, a municipality is not responsible for negligent injuries to persons or property committed by members of a fire department when engaged in work pertaining exclusively to the extinguishment of fires."

In accord with this rule, it is the claim of defendant that in laying this piece of hose by its fire department in an attempt to stop a fire, the village was acting in a governmental or sovereign capacity, and is not liable for injuries to persons or property resulting therefrom.

We understand the claim of plaintiff, as stated by her counsel, to be that this proposition is not in the case, and that even though the village were in fact at the time of the injury in the performance of a governmental function, it was not excused from the duty imposed upon it by statute to keep its streets reasonably safe for travel.   That is, we are asked to hold that, although the municipality was acting in a governmental capacity in attempting to extinguish a fire, and therefore was not liable for the negligent acts of members of its fire department, still it is bound to lay its hose from the hydrant to the fire so that it will

not, even temporarily, leave its walks unsafe for public travel, and that its failure to do so would render it liable.

Defendant, unquestionably, at the time of the accident, was performing a governmental function in fighting the fire. Its firemen were acting for the common good. To extinguish the fire they must necessarily run their hose from the burning building to the nearest hydrant. This, as in almost every instance, required the crossing of a sidewalk and a street. That such is the usual fact is a matter of common knowledge, and one expects it on approaching the scene of a fire. If this necessary fire fighting apparatus crossing a sidewalk renders travel dangerous, temporary safety must yield to the more important and imminent demand for saving property and perhaps life by promptly suppressing the conflagration.

In discussing the distinction between governmental and private functions of a municipality, 19 R. C. L. p. 1111, has this to say:

"The application of the distinction between the two branches of municipal activity is often very difficult. On one side is the characteristic case of the policeman or firemen; on the other the municipal water supply or lighting plant furnishing conveniences to the inhabitants for compensation."

Also on page 1113:

"And it has frequently been held that the exemption of a municipal corporation from liability for the momentary negligent or unlawful conduct of persons in its employ when it is engaged in a governmental function therefore extends to trespasses and injuries to land whether intentional or otherwise, as well as to personal injuries."

And on page 1117:

"As the extinguishment of fires is a governmental function, the firemen are not the servants or agents of the city or town by which they are employed, so as to

render it civilly liable for their misconduct or negligence."

In no case that has come before this court has a municipality been held liable for the negligence of an employee in the performance of a governmental function, unless there was accruing to it an incidental profit, as in *Foss* v. *City of Lansing*, 237 Mich. 633. This is not such a case, and nowhere have we found an authority holding a town liable for the acts of its fire department while fighting a fire.

To subscribe to the theory advanced by plaintiff would be to entirely abrogate the doctrine under consideration, and go counter to our holding in *Brink* v. *City of Grand Rapids, supra,* where the same question was raised and disposed of in the following language:

"This action cannot be maintained under the statutory liability. The street was paved, was in good condition, and reasonably safe for travel. Its condition had nothing to do with the accident. The sole cause of the accident was the sudden flow of the water, which frightened the horse."

In view of the foregoing, discussion of the further claim of defendant that in any event no showing of negligence was made, is rendered unnecessary.

Defendant's motion for a directed verdict should have been granted, and the judgment is reversed without a new trial. Costs to defendant.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.