PENIX v. CITY OF ST. JOHNS.

MUNICIPAL CORPORATIONS—BASEBALL PARK BLEACHERS—GOVERN-
MENTAL FUNCTION—SOVEREIGN IMMUNITY.

Declaration in baseball game spectator's action against city
for injuries received when bleachers collapsed at city ball
park failed to state a cause of action, where there was no
averment of performance of a proprietary function, there
being at best only a claim against the city resulting from its
employees' negligent performance of a governmental function
as to which the doctrine of sovereign immunity presently
applies.

Appeal from Clinton; Cash (Paul R.), J.  Submitted April 8, 1958.  (Docket No. 5, Calendar No. 47,474.)  Decided October 13, 1958.

Case by Betty Penix against the City of St. Johns, a municipal corporation, for personal injuries sustained when park bleachers collapsed.  Motion to dismiss denied.  Defendant appeals.  Reversed and remanded for dismissal.

*Timothy M. Green,* for defendant.

DETHMERS, C. J.  Defendant city appeals, on leave granted, from denial of its motion to dismiss.  The

REFERENCES FOR POINTS IN HEADNOTES

39 Am Jur, Parks, Squares, and Playgrounds § 39; 52 Am Jur,
Theaters, Shows, Exhibitions, and Public Resorts §§ 49, 65, 78.
Duty and liability of owner or keeper of place of amusement
respecting injuries to patrons from collapse of seats or part
of grandstand structure.  22 ALR 648, 44 ALR 207, 53 ALR
860, 61 ALR 1296, and 98 ALR 571.

motion was based on 2 grounds:   (1) that as appears
from the allegations of plaintiff's declaration timely
notice of her claim was not presented to the city
commission, as required by the city charter, and (2)
that her declaration alleges damages resulting from
the negligence of defendant's employees in per-
formance of a governmental function.   Pertinent
provisions of the declaration follow:

"2. That the defendant, the city of St. Johns, is
a municipal corporation located in Clinton county,
Michigan, whose corporate authority extends over a
certain municipal park within the confines of its
corporate limits.   That such said city park is under
the custody and control of the city of St. Johns, and
is operated by city employees.

"3. That on or about the 24th day of July, 1955,
plaintiff, while attending a softball game at said
park, utilized certain bleachers situated next to the
ball field.   That due to a defect in erecting said
bleachers, or keeping them in repair, the bleacher
gave way beneath the plaintiff, causing her to fall to
the ground, first striking her head against another
board in the bleachers, in her descent.

"4. That it was the duty of the defendant to keep
said bleachers in reasonable repair and reasonably
safe and fit for public use; the defendant's employees
being the persons who moved, disassemble. and erect
the said bleachers, keep them in a state of repair, and
inspect them.

"5. That as a result of said defect, and the defend-
ant's inability to keep said bleachers in a state of re-
pair to reasonably assure the safety of the public
using them, the defendant [plaintiff?] suffered a
severe blow and traumatic injury to the base of her
skull, impairment to her nervous system to an extent
that she was unable to be gainfully employed, carry
on household duties as a wife and mother, and was in
fact, an invalid for a period of several months.

"6. That within 60 days thereafter, and on or about
the 26th day of July, 1956, plaintiff, through her hus-

band, served due notice upon the city manager of the city of St. Johns, of the extent of the injury and her intention to claim damages thereof, in accordance with the ordinance and statute made and provided, and under the control and direction of the city manager of the city of St. Johns, Michigan, the defendant herein."

On the first point, it is defendant's contention that service of the notice of claim upon defendant's city manager did not comply with the city charter requirement that the claim be presented to the city commission and that such failure is fatal to plaintiff's suit, citing *Selden* v. *Village of St. Johns,* 114 Mich 698; *Van Auken* v. *City of Adrian,* 135 Mich 534; *Ridgeway* v. *City of Escanaba,* 154 Mich 68; *Moulthrop* v. *City of Detroit,* 218 Mich 464; *Kelley* v. *City of Flint,* 251 Mich 691; *Northrup* v. *City of Jackson,* 273 Mich 20; *Harrington* v. *City of Battle Creek,* 288 Mich 152; *Sykes* v. *City of Battle Creek,* 288 Mich 660; *Grand Trunk Western R. Co.* v. *City of Detroit,* 342 Mich 537. None of these cases presented the question, before us here, whether service of the claim upon the city manager complies with the requirement of presenting it to the city commission. In *Ridgeway* v. *City of Escanaba, supra,* this Court said that substantial compliance with the requirement for service of such notice of claim is sufficient. We do not believe the language of the charter should be construed to require that the claim be handed to members of the commission individually or presented to that body while they are assembled in official meeting. The city's charter (p 12) provides that the powers and duties of the city manager shall be, *inter alia,* "to have general supervision over all public improvements, works and undertakings" and "to attend all meetings of the city commission, with the right to take part in the discussions." One might reasonably assume that a claim of the kind in question served on

the city manager would be presented and come to the attention of the city commission. We think that this amounted to substantial compliance with the charter requirement and that plaintiff's case ought not to fail for the reasons urged by defendant in this connection. For similar facts and a holding in accord with this view, see *Perry* v. *City of High Point,* 218 NC 714 (12 SE2d 275).

Nothing in plaintiff's declaration can be construed as constituting an averment of performance of a proprietary function by defendant city out of which plaintiff's claim for damages is alleged to arise. We think the case should have been dismissed on the ground that the averments of the declaration, construed most favorably to plaintiff, allege, at best, only a claim against the defendant city resulting from its employees' negligent performance of a governmental function as to which the doctrine of sovereign immunity applies. *Royston* v. *City of Charlotte,* 278 Mich 255; *City of Detroit* v. *Blackeby,* 21 Mich 84 (4 Am Rep 450); *Butler* v. *City of Grand Rapids,* 273 Mich 674; *Johnson* v. *Board of Ontonagon County Commissioners,* 253 Mich 465; *Daszkiewicz* v. *Detroit Board of Education,* 301 Mich 212; *Whitehead* v. *Detroit Board of Education,* 139 Mich 490; *Brink* v. *City of Grand Rapids,* 144 Mich 472; *Daniels* v. *Grand Rapids Board of Education,* 191 Mich 339 (LRA1916F, 468); *Heino* v. *City of Grand Rapids,* 202 Mich 363 (LRA1918F, 528); *Gunther* v. *Cheboygan County Road Commissioners,* 225 Mich 619; *Tzatzken* v. *City of Detroit,* 226 Mich 603; *McDonnell* v. *Brozo,* 285 Mich 38.

Reversed and remanded for entry of order dismissing the case. Costs to defendant.

CARR and KELLY, JJ., concurred with DETHMERS, C. J.

Edwards, J. (*concurring*).  The opinion filed by Chief Justice Dethmers in this case is based upon ample case precedent by which Michigan has to this point followed the doctrine of governmental immunity.  I concur that this is the law, while retaining the grave doubts expressed in my dissent in *Richards* v. *Birmingham School District,* 348 Mich 490, 514, as to whether or not it should continue to be.  This case is, of course, distinguished from the *Richards Case* by the fact that no proprietary function question is presented here.

Smith, Black, Voelker, and Kavanagh, JJ., concurred with Edwards, J.