Genevieve SIERRA, Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER, Denver Fire Department, Lieutenant Joe Hart, and John Doe, Individually and as Denver Firemen, Defendants-Appellees.

No. 85CA1389.

Colorado Court of Appeals, Div. I.

Oct. 30, 1986.

As Modified on Denial of Rehearing Dec. 11, 1986.

Schoenwald, Burke & Naves, Larry J. Naves, Denver, for plaintiff-appellant.

Stephen H. Kaplan, City Atty., Joel Kohn, Asst. City Atty., Denver, for defendants-appellees.

CRISWELL, Judge.

In this negligence action, plaintiff, Genevieve Sierra, appeals from the trial court's dismissal of her complaint on the basis that it failed to state a claim against defendants, City and County of Denver, Denver Fire Department, and Joe Hart and John Doe, individually and as Denver firemen. We reverse.

Plaintiff alleges in her complaint that she suffered serious bodily injuries as the result of negligent acts by Denver firemen who were fighting a fire on property near plaintiff's residence. She claims she was injured "when a fire hose which was being dragged across [plaintiff's yard] by a fire truck struck plaintiff" and threw her in the air. She also alleges that defendants were negligent in failing to discover plaintiff's presence in her own yard prior to dragging the fire hose through it.

Defendants, claiming immunity from suit under the Colorado Governmental Immunity Act (the Immunity Act), § 24–10–101, et seq., C.R.S. (1982 Repl.Vol. 10), moved to dismiss the complaint under C.R.C.P. 12. Without stating its reasons, the trial court granted the motion.

On appeal, plaintiff argues that her action lies within an exception to the Immunity Act in that her injuries arose either from a "dangerous condition" in a roadway within the meaning of § 24–10–106(1)(d), C.R.S. (1982 Repl.Vol. 10), or from the operation of a motor vehicle under § 24–10–106(1)(a), C.R.S. (1982 Repl.Vol. 10). We reject plaintiff's contention that the dangerous condition exception to the Immunity Act is applicable to plaintiff's action, but we agree that, under the allegations of her complaint, plaintiff is entitled to attempt to prove that her injuries resulted from the operation of a motor vehicle.

None of the parties have addressed the issue of the application of the doctrine of sovereign immunity to public employees individually, as distinguished from its application to governmental entities, see *Trimble v. Denver*, 697 P.2d 716 (Colo.1985). Thus, we determine the issues presented solely within the context of the doctrine of sovereign immunity under the Immunity Act as it applies to governmental entities.

Section 24–10–106(1)(d), C.R.S. (1982 Repl.Vol. 10) makes the defense of sovereign immunity unavailable in actions for injuries resulting from a "dangerous condition which interferes with the movement of traffic on the traveled portion and shoulders or curbs of any public highway, road, street, or sidewalk within the corporate limits of any municipality...." A dangerous condition, as defined in § 24–10–103(1), C.R.S. (1982 Repl.Vol. 10), is a physical condition which has been caused by the negligence of a public entity "in constructing or maintaining" the roadway.

The apparent legislative intent in adopting these provisions was to encourage local governments to construct and maintain streets and related facilities in good condition so as to advance traffic safety. To fulfill this intent, the terms "highway, road, or street" may, on occasion, be required to be read broadly. Thus, a highway, road, or street includes a traffic control device, such as a stop sign, so that a defect in such a device is to be considered as a dangerous condition in the roadway itself. *Stephen v. Denver*, 659 P.2d 666 (Colo.1983).

Yet, even viewing the allegations of the complaint in the light most favorable to plaintiff, *Uberoi v. University of Colorado*, 713 P.2d 894 (Colo.1986), we conclude that defendants' use of a fire hose while engaged in fire fighting efforts cannot, as a matter of law, be equated with the construction or maintenance of a physical con-

dition in a highway, road, or street. *Accord Powell v. Fenton,* 240 Mich. 94, 214 N.W. 968 (1927) (*no* waiver of sovereign immunity because placement of fire hose during fire fighting activities did not fall within terms of statute requiring municipality to keep streets safe for travel); *Vezina v. Hartford,* 106 Conn. 378, 138 A. 145 (1927) (no waiver of sovereign immunity pursuant to statutory liability for highway defects where fire hose was reasonably in use in fire fighting activities).

Therefore, under the allegations of her complaint, plaintiff's injuries did not result from a dangerous condition in a roadway so as to allow her to maintain her action under the provisions of § 24–10–106(1)(d).

Plaintiff, however, also asserts that her injuries resulted from the operation of a motor vehicle, such that § 24–10–106(1)(a) is applicable. This portion of the Immunity Act authorizes an action against a public entity if the injuries involved result from:

"The operation of a motor vehicle ... by a public employee while in the course of his employment, except emergency vehicles operating *within the provisions* of section 42–4–106(2) and (3), C.R.S...." (emphasis added)

Plaintiff's allegations were that her injuries were caused by a fire hose being "dragged ... by a fire truck." Such allegations would permit proof that her injuries resulted from a moving fire truck. While the existence of such a unique circumstance would seem unusual, nevertheless, if plaintiff's proof is the equal of her allegation, she will establish that her injuries arose from the operation of a motor vehicle by a public employee. Thus, her claim would not be barred by the Immunity Act unless the fire truck was an emergency vehicle operating within the specified statutory sections.

Under § 42–4–106(2), C.R.S. (1984 Repl. Vol. 17), an emergency vehicle responding to a fire alarm is permitted to (a) park or stand in disregard of other traffic regulations, (b) proceed past a red or stop signal or stop sign, (c) exceed the maximum speed limits, and (d) disregard regulations governing directions of movement or turning in specified directions. However, for the emergency vehicle to be entitled to ignore the usual traffic regulations in these areas, it must be making use of certain audible and visual signals while doing so. Section 42–4–106(3), C.R.S. (1984 Repl. Vol. 17).

In addition, § 42–4–106(4), C.R.S. (1984 Repl. Vol. 17), provides that:

"The provisions of this section shall not relieve a driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others."

█ We conclude that for a public entity to be immune from a claim arising from the operation of an emergency vehicle, both the vehicle's lights and siren must have been in operation, and any violation of a traffic regulation which gave rise to the claim must have been one of those specified in § 42–4–106(2)(a) through (d). *See Brown v. Kreuser,* 38 Colo.App. 554, 560 P.2d 105 (1977). Accordingly, if the allegations of plaintiff's complaint would permit proof of circumstances that are beyond the ambit of the emergency vehicle provisions of the Immunity Act, then dismissal of her complaint under C.R.C.P. 12 was improper. *See Davidson v. Dill,* 180 Colo. 123, 503 P.2d 157 (1972).

█ Plaintiff's allegations would permit proof that her injuries resulted from the operation of a motor vehicle by a public employee. Furthermore, nothing within plaintiff's pleading mandates the conclusion that the driver of the fire truck was exercising any of the specific privileges set forth in § 42–4–106(2)(a) through (d), that plaintiff's injuries resulted from such privileged activities, or that the truck's emergency lights and sirens were operating at the time. On the contrary, the specific charge of negligence which plaintiff makes is beyond the scope of the privileged activities specified in the statute. Thus, the complaint was sufficient to state a claim

for relief, and the trial court erred in ruling otherwise.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

PIERCE and TURSI, JJ., concur.