## CITY OF FLINT *v.* STOCKDALE'S ESTATE.

1. MUNICIPAL CORPORATIONS—OFFICERS — COUNCIL — DELEGATION OF AUTHORITY—MINISTERIAL ACTS—APPEAL BONDS.

The signing of a claim of appeal and an appeal bond in a suit in which a city is interested are ministerial acts which are properly delegated by the council of the city to the mayor.

2. SAME—MAYOR—ATTORNEY—AUTHORITY—APPEAL.

A resolution of the council of a city directing the mayor and clerk to enter into a contract with a named attorney employing him to take charge of certain litigation in conjunction with its committee is a sufficient delegation of power to the mayor and the attorney to authorize them to take an appeal in the litigation referred to.

3. SAME—APPEAL—BY WHOM TAKEN.

The mayor of a city is the proper party to sign a claim of appeal from probate court on behalf of the city.

4. SAME—RATIFICATION.

The act of the common council of a city in ratifying the act of the mayor in taking an appeal and signing an appeal bond on behalf of the city, if not necessary, is within its power and disposes of any objection that may be raised as to the authority of the mayor.

Error to Genesee; Wisner, J. Submitted April 9, 1907. (Docket No. 37.) Decided July 13, 1907.

The city of Flint petitioned for the probate of a lost will, claimed to be the last will and testament of Mary Stockdale, deceased. The petition was dismissed in the probate court, and petitioner appealed to the circuit court. There was an order dismissing the appeal, and petitioner brings error. Reversed, the appeal reinstated, and cause remanded.

*DeVere Hall* (*Homer J. McBride*, of counsel), for appellant.

*Brennan & Cook, John J. Carton, Mark W. Stevens, Black & Roberts*, and *Brown & Farley*, for appellees.

McALVAY, C. J.   The, city of Flint, appellant in this case, appealed to the circuit court of Genesee county from an order of the probate court for said county dismissing its petition for the probate of a lost will of Mary Stockdale, deceased.   On September 4, 1906, two motions having been theretofore made on behalf of the special administrators and certain parties interested in said estate to dismiss said appeal, the circuit court made an order granting said motions.   On September 18, 1906, appellant made a motion to set aside said orders and to reinstate the appeal.   'This motion was denied.   By writ of error the case is brought to this court upon the record.

The grounds upon which the motions to dismiss were based, briefly stated, were that no lawful appeal had been taken from the probate court, because no authority had been given by the city council to take such appeal and execute the appeal bond.   This was the view entertained by the trial judge in granting the motions and dismissing the appeal.   The petition to probate the will was made and filed by David D. Aitkin, then mayor of the city of Flint, claiming for said city as residuary legatee and trustee for the establishment of a hospital a large interest in said estate.   Pending said petition, and before the hearing thereon, the common council of appellant, on April 16, 1906, at a regular meeting, by a unanimous vote, directed its mayor and clerk to enter into an agreement with DeVere Hall as its attorney to take charge of litigation then pending relative to the claim of the city as residuary legatee in trust of the estate of Mary Stockdale. This agreement was on that date executed by these officers on behalf of the city.   It provides:

"Whereas the said party of the first part (the city of Flint) has, or believes that it has, rights and interests under a certain last will and testament made by Mary Stockdale, deceased, late of the township of Flint, Genesee county, in said State, under which the said party of the first part is the residuary legatee in trust of the estate of said Mary Stockdale, and litigation concerning which is now pending, and it is the desire of the party of the

first part to employ professionally the party of the second part (said Hall) to take charge of such litigation, it is hereby agreed: *First.* That the party of the second part shall take full and complete charge of such litigation and in conjunction with the common council of the party of the first part, or such committee or committees as may from time to time be designated by resolution, co-operate in the carrying on of such litigation. *Second.* That the party of the first part, if necessary, shall from time to time, as necessary, pay to the party of the second part in disbursements, the actual expenses of securing witnesses, taking testimony, court officers' charges, not exceeding in the aggregate eight hundred dollars in connection with such litigation."

The record of the same meeting of the council recites:

"Mayor McKinley appointed Ald. Page, Salisbury and Callahan to act with Attorney Hall in connection with the matter of the Stockdale estate."

After the probate court dismissed the petition on May 9, 1906, and within the statutory time, to wit, on June 28, 1906, the mayor filed the claim of appeal on the part of appellant, together with an appeal bond executed by him on behalf of the city, and in due course the appeal was filed and entered in the circuit court. No other action relative to this matter was taken by the common council after April 16, 1906, until August 20th following, when at a regular meeting the action of the mayor in taking the appeal and executing the bond on the part of the city was expressly ratified and confirmed. The fact that the council had paid the costs of appeal was called to the attention of the trial judge before the decision of the motions to dismiss as appears from the record and the opinion of the court. The resolution of ratification was presented to him with the motion to set aside the orders dismissing the appeal.

There is no dispute but that proper action was taken by the municipality at the time it was determined to litigate this matter, nor that appellant had the right so to do, as well as to employ an attorney to take charge of the litiga-

tion.   The record of the council meeting referred to shows that at the time Mr. Hall was employed as attorney a committee was appointed by the mayor to act with him "in connection with the matter of the Stockdale estate." Such action was contemplated by the agreement.   These parties were "to co-operate in the carrying on of such litigation."   Taking an appeal is one of the usual and ordinary things in litigation, and the authority given to the attorney and committee to co-operate in this case was sufficient to warrant taking this appeal, and the act of the mayor, who was the proper party to sign the claim of appeal, was a ministerial act, as was also his act in signing the bond.   Such acts could be and were delegated by the council.   It could not delegate all the power conferred upon it by the legislature, but, like every other corporation, it could do its ministerial work by agents.   *Hitch-cock* v. *Galveston*, 96 U. S. 341.   The acts of the mayor were certainly within the purview of the terms of the agreement of the city made with the attorney, and its action in appointing the committee to co-operate with him, and were germane to the subject-matter of such action. This action of the mayor was afterwards ratified and confirmed by the council.   This, while not necessary, was within the power of the council, and would forever dispose of any objection that might be raised as to the authority of the mayor.   *Davis* v. *Mayor, etc., of Jackson*, 61 Mich. 530, 540; *Naegely* v. *City of Saginaw*, 101 Mich. 532; *Raymond* v. *McKenna*, 147 Mich. 35.   The court was in error in dismissing the appeal.

The judgment of dismissal is hereby reversed and set aside, and the said appeal reinstated, and the cause is remanded for further proceedings, with costs to appellant to be taxed and paid by the special administrators out of the estate of Mary Stockdale.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.