RETZLOFF *v*. CHASE.

1. APPEAL AND ERROR—OBJECTION MAY NOT BE RAISED FIRST IN APPELLATE COURT.

In an action for damages caused to plaintiff's automobile by a collision with defendant's automobile at a city street intersection, an objection that an ordinance had not been introduced in evidence and therefore the trial judge was in error in allowing the jury to consider it, may not be considered where made for the first time in the Supreme Court.

2. NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Testimony on behalf of plaintiff, *held*, sufficient to make a case for the jury.

Error to Ingham; Collingwood (Charles B.), J. Submitted January 8, 1924. (Docket No. 1.) Decided March 5, 1924.

Case by Alexander E. Retzloff against William Chase for damages to plaintiff's automobile. Judg-

ment for plaintiff.    Defendant brings error.    Affirmed.

*Charles H. Chase* and *Frank L. Dodge,* for appellant.

*Paul G. Eger* (*Charles W. Nichols,* of counsel), for appellee.

MOORE, J.    This case grows out of a collision between automobiles owned by the respective parties, which occurred at the intersection of Cedar street and Franklin avenue in the city of Lansing, in the evening of December 5, 1922.    The plaintiff was going east on Franklin avenue.    He contends that defendant, who was driving west on Franklin avenue, "cut the corner" in attempting to turn south on Cedar street. Defendant claims he did not "cut the corner" and that plaintiff was driving at an illegal rate of speed.    The case was submitted to the jury which returned a verdict in favor of the plaintiff in the sum of $165.11. The defendant moved for a new trial, which motion was overruled.    The case is brought into this court by writ of error.

We quote from the brief of counsel:

"The questions of fact are:
"1. Was the defendant guilty of such negligence as would make him responsible, in the absence of contributory negligence, for the damage resulting from the accident?
"2. Was there a showing, by a preponderance of the evidence, of contributory negligence upon the part of the plaintiff?    *    *    *
"The questions of error of the court are raised under the rule which provides that errors of the court may be taken advantage of on appeal, whether or not excepted to at the time of the trial and placed on the record."

An examination of the record shows that the testimony was conflicting, but it was submitted to the

jury which did not accept the contention of the defendant as to how the accident happened.

Counsel complain of the following language in the charge of the court:

"Now, there are certain rules laid down by the city of Lansing, governing the conduct of vehicles in the city, and especially automobiles. The rules are called the ordinances of the city of Lansing, and every person who travels in an automobile must obey them. One of the rules is that when an automobile is approaching a crossing, the driver must have it under control. He, in the city of Lansing, is allowed to go 15 or 20 miles an hour—in the city of Lansing, in that place, he was allowed to go 15 miles an hour—but, in addition to that, he must have at crossing, his car under complete control. And there are provisions as to how one shall make a turn, turning from one street to another, and one of the provisions is that the approaching right-hand vehicle on all street intersections, except where there is a traffic officer, shall have the right of way. Another provision is that in turning onto a street one must pass the center, and then—that is, coming from the east and going south, the provision is that you must pass the center of the street before you turn south. Neglect to follow these rules or ordinances of the city of Lansing would be negligence by either one or both the parties."

The only objection now urged is that the ordinance was not introduced in evidence.

Counsel for the appellee say the ordinance must have been introduced in evidence, though it does not appear in the record. Whatever the fact is, counsel for appellant did not suggest to the judge that the ordinance was not in evidence, nor did they suggest it as a reason for a new trial. The motion for a new trial is silent about it. The rule is that an objection cannot be urged for the first time in this court. *Wierengo* v. *Insurance Co.*, 98 Mich. 621; *Michaels* v. *McRoy*, 148 Mich. 577; *Gorman* v. *Hirsch Co.*, 177

Mich. 382; *Lake Erie Land Co.* v. *Chilinski,* 197 Mich. 214.

Counsel for appellant stress the claim that it is mathematically impossible for the accident to have happened as claimed by the plaintiff. This argument is largely based upon the testimony of a surveyor who was not present at the time of the accident and the knowledge counsel possess of the law of physics and mathematics. The jury were evidently of the opinion that the testimony offered on behalf of the plaintiff that the accident could and did happen as claimed by him was true.

As before stated the testimony was conflicting. That of the plaintiff and his witnesses, if believed, made a case for the jury. *Faulkner* v. *Parish Manfg. Co.,* 201 Mich. 182.

We find no reversible error. Judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.