HINDERER *v.* ANN ARBOR RAILROAD CO.

1. Evidence—Judicial Notice—Ordinances.

The Supreme Court does not take judicial notice of municipal ordinances.

2. Same—Railroads—Witnesses—Opinion as to Speed of Train Inadmissible Where Opportunity to Form Opinion Insufficient.

In an action against a railroad company for damages caused by a collision between defendant's train and plaintiff's automobile at a street crossing, where plaintiff did not see the train until it was within two feet of him, when he was on the track, he did not have sufficient opportunity for observation on which to base an opinion as to its speed, and, therefore, his opinion on that question will not be considered as evidence.

3. Same—Testimony as to Speed at Other Times Inadmissible.

Testimony as to the speed of a train at a certain crossing at times other than the one in question is inadmissible in evidence as to its speed at that particular time, especially where it is undisputed that on the occasion in question it was to have stopped and was already stopping.

4. Same—Estimate of Speed May Not be Based on Impact.

An estimate of speed based simply on an opinion of the force of impact is not evidence of speed.

5. Same—Trial—Negative Testimony Insufficient to Present Issue of Fact.

Merely negative testimony by plaintiff that he did not hear the bell ringing for the crossing, as against the positive testimony of several witnesses that it was ringing, did not present an issue of fact for the jury.

6. Railroads—Negligence—Permitting Switch Engine to Stand on Adjacent Track Not Negligence.

Permitting a switch engine to stand on another track some

---

¹Evidence, 23 C. J. §§ 1961, 1962; ²Id., 22 C. J. § 676; ³Railroads, 33 Cyc. p. 1075; ⁴Evidence, 22 C. J. § 676; ⁵Id., 23 C. J. §§ 1787, 1788; Railroads, 33 Cyc. p. 1104; ⁶Id., 33 Cyc. p. 935 (Anno).

20 feet from the main track, on which the accident occurred,‘ and about 30 to 85 feet from the crossing, which, with its light, obstructed plaintiff's view of the approaching train, was not negligence, and is important only in determining plaintiff's contributory negligence.

7. NEGLIGENCE—UNNECESSARY TO CONSIDER QUESTION OF CONTRIBU
TORY NEGLIGENCE WHERE NO NEGLIGENCE SHOWN.

Where no negligence of defendant is shown, it is unnecessary to consider the question of plaintiff's contributory negligence.

Error to Washtenaw; Sample (George W.), J.   Submitted October 22, 1926.    (Docket No. 6.)    Decided January 3, 1927.

Case by Julius Hinderer against the Ann Arbor Railroad Company for personal and other injuries. Judgment for plaintiff.   Defendant brings error.   Reversed, and no new trial ordered.

*Cavanaugh & Burke,* for appellant.

*Carl A. Lehman,* for appellee.

CLARK, J.   Plaintiff's automobile, while he was driving it at night, in Ann Arbor, across a track of defendant railroad company, was struck by a freight engine pulling a heavy train of upwards of 50 cars. The automobile was broken and plaintiff suffered personal injuries.   Defendant moved for directed verdict on the grounds that no actionable negligence had been shown, and that plaintiff was guilty of contributory negligence as a matter of law.   Decision was reserved. Plaintiff had verdict.   Judgment notwithstanding the verdict was denied.   Plaintiff had judgment.   Defendant brings error.   The grounds of the motion are urged here, the latter with the greater zeal.   We

⁷Appeal and Error, 4 C. J. § 2541; Negligence, 29 Cyc. p. 506.

think the evidence made no issue of fact with respect to the negligence charged against defendant.    The negligence urged, the record shows, was:

(*a*) Excessive speed.    An ordinance of the city is mentioned in the declaration and in the brief.    It was proposed in the trial to introduce it, but the record does not show that it was offered and received in evidence and it is not in the record.    This court does not take judicial notice of municipal ordinances.    *Motz* v. *City of Detroit*, 18 Mich. 495; *People* v. *Quider*, 172 Mich. 280; 3 Comp. Laws 1915, § 12514.    The testimony of all of the witnesses who testified of speed except plaintiff is to the effect that the speed of the train at and before the moment of impact was 5 to 8 miles per hour.    Plaintiff testified:

"I should judge the train was traveling between 25 and 35 miles an hour."

But of his opportunity for observation he also testified:

"*Q.* How far away from you was this engine or freight train when you first saw it?
"*A.* About two feet; just like that.    *    *    *    I don't mean I was two feet from the track.    I mean out here and two feet this way.    I couldn't stop and get out of his way there."

And again:

"I base my idea of the rate of speed of the train from what I had seen the train go through there at night and how quick it took us up."

Plaintiff's opinion of speed based on his observation made from his automobile on the track, in front of the train, when the engine was upon him, two feet from him, will not be considered as evidence.    He did not have opportunity for observation necessary to opinion. The speed of the train at the crossing at other times

has nothing to do with the speed at the time in question, especially as it is not disputed that the train was to have stopped and was stopping that night at the crossing.    An estimate of speed based simply on an opinion of the force of impact is not evidence of speed.    22 C. J. p. 569, note 76*d*; *Northern Pacific R. Co.* v. *Hayes,* 87 Fed. 129; *Cleveland Electric R. Co.* v. *Boltz,* 16 Ohio Cir. Ct. (N. S.) 383.

(*b*) That the bell was not rung.    Several witnesses testified positively that the bell was ringing.    Plaintiff testified:

"I did not hear any bell ringing.  *  *  *
"*Q.* Could you have heard a bell ringing if there had been one ringing?
"*A.* I imagine I could, but I couldn't swear to it because the engine was steaming.
"*Q.* But you heard no bell?
"*A.* No, I heard no bell."

Another witness testified:

"Mr. Hinderer's attention was called to the fact that the bell was ringing.    He said the bell was not ringing and it was still ringing.    I said: 'Can't you hear it ringing?'    That was after the accident and I am positive it was ringing all the time."

Against the positive testimony is merely negative testimony which does not make an issue of the fact. *Colborne* v. *Railway,* 177 Mich. 139.

(*c*) In permitting a switch engine to stand on a passing track some 20 feet from the main track (on which was the freight train), and about 30 to 85 feet from the crossing, which switch engine and a light on it obstructed the view of the approaching train. This was not negligent.    The presence of the switch engine is important here only in determining the question of plaintiff's contributory negligence.    *Virgin* v. *Railroad Co.,* 55 Ind. App. 216 (101 N. E. 500); 6 N. C. C. A. 294.

No negligence of defendant is shown.    The question of contributory negligence is therefore unnecessary to decision.

Reversed without new trial.    Costs to defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.