## BELL v HENTON

Ohio Appeals, 4th Dist, Highland Co

Decided May 3, 1932

H. L. Wiggins, Hillsboro, and Williams, Williams, Klapp & Reynolds, Columbus, for plaintiff in error.

H. A. Predmore, Hillsboro, and Nichols, Speidel & Nichols, Batavia, for defendant in error.

MAUCK, PJ.

The principal assignment of error runs to the admission in evidence of some of the testimony of Walter White. Mr. White lived near the scene of the trouble and it was to his home that the plaintiff, defendant and Mr. Jones came after the disaster. He was asked to state what Jones, in the presence of Bell, said with reference to the speed at which he had been driving just before the accident. The answer was that Jones said he thought he was going about thirty five miles an hour. This testimony was received over the objection and subject to the exception of the defendant, the objection being that the defendant was asleep and could not have known the speed of the car and could not on that account have denied the truth of Jones' declaration. The plaintiff urges that even though the defendant was not awake and could not have known whether Bell was speaking the truth, and even though these facts rendered the declaration inadmissible in the first instance, still they were rendered competent as impeaching Jones since he later took the stand and denied making them.

Upon this aspect of the case we are not in accord with the plaintiff's views. We shall not multiply authorities but content ourselves with the attitude taken by the Circuit Court of this district in Circleville v Throne, 1 C. C. 359, where it was held that a declaration of this kind was incompetent in the first place and could not be treated as impeaching testimony for the reasons therein pointed out.

The objection to this testimony, however, rests wholly upon the defendant's testimony that he was asleep at the time and could not deny the truth of Jones' admissions because he did not know whether they were true or not. If it were conclusively shown that Bell was asleep or unconscious, or for any reason could not have known what the speed of the car was to which Jones is testifying, the objection would have been well taken. The jury was, however, not bound to find that Bell was asleep because he said that he was. If Jones made the statement attributed to him and Bell heard it, and Bell had in fact been asleep at the time Jones was referring to, he could well have at that time indicated that he knew nothing of the speed of the car.

We do not attribute much importance to this testimony in any event. If the jury had believed that Jones made the statement to which Mr. White testified it would only be to the effect that he thought he was going about thirty five miles an hour. That speed was not sufficient to raise a prima facie case of negligence although under the road conditions testified to the jury might have found a speed of much less than thirty five miles to have been negligent. There was other testimony even more direct that the speed was in excess of thirty five miles. This testimony of the plaintiff and the physical conditions that are beyond dispute would almost certainly have impelled the jury to have found that the car was traveling at a negligent rate of speed without such slight support as was contributed by Jones declaration.

The defendant in error says upon this phase of the question that a witness can not

give his opinion as to speed based on the condition of things as he saw them after the accident, citing Hinderer v Ann Arbor Railroad Co., 237 Mich., 232, 211 N.W. 734; North Pacific Co. v Hays, 87 Fed. 129, and **Cleveland Railroad Company v Voltz, 16 C. C. (n.s.) 385.** These authorities are sound and a witness can not as an expert predicate his opinion as to the rate at which an automobile was traveling because of the resulting devastation. That rule, however, does not prevent the jury from considering the physical facts. These facts speak for themselves and the jury is capable of drawing the necessary inferences that flow from facts proved.

In this case it was proved that the car was traveling at such a rate of speed that it was out of the driver's control for a considerable distance, perhaps a hundred feet, and that it eventually landed against a telephone pole and in the ditch with terrific impact. Certainly the jury was warranted in concluding from this fact, not that the car was traveling at a rate of forty five miles per hour or any other particular rate, but that it was traveling at a speed that could not be reconciled with safety under the road conditions then prevailing and then perfectly familiar to the defendant and his agent.

If the defendant had requested an instruction that the jury should disregard the alleged declaration of Jones to White in regard to the speed in case they found that Bell was asleep at the time to which Jones was testifying the rights of the defendant would have been fully preserved.

Finally, we are of the view that if the testimony had been excluded the verdict of the jury would have been the same.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.