P. J. OPPEDAHL v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

February 15, 1935.

No. 30,158.

[1]Reported in 259 N. W. 15.

William T. Faricy, Warren Newcome, Alfred E. Rietz, and Ballou & Ballou, for appellant.

H. A. Edman and McCune & McCune, for respondent.

DEVANEY, CHIEF JUSTICE.

Personal injury action arising out of a collision at a grade crossing between defendant's train and an automobile in which deceased was a passenger. Plaintiff brought this action as special administrator of the deceased's estate and had a verdict in the sum of $1,500 against defendant. This appeal is taken by defendant from a denial of its motion for judgment notwithstanding the verdict or for a new trial.

Substantially the only question involved is whether defendant was negligent in allowing certain road-building machinery to remain on its right of way in such a position that it at least partially obstructed the view of the driver of the automobile as she approached this grade crossing. It sufficiently appears from the testimony of plaintiff and photographs which are introduced as exhibits herein that ponderous and heavy road-building machinery was allowed to remain on defendant's right of way near the crossing where this accident occurred. The machinery consisted of a steam shovel, a large concrete mixer, and other miscellaneous pieces of smaller machinery. The mixer and the steam shovel stand 12 to 15 feet high. The nearest piece stood 125 feet, the farthest 872 feet, from the crossing. The machinery had been left in this position by a highway contractor in the late fall of 1932. It was still on defendant's right of way on August 18, 1933, the date of the accident, defendant having suffered it to remain in this position near a grade crossing throughout the intervening nine or ten months.

There is no dispute but that defendant had nothing to do with placing the machinery on the right of way but that the same was

placed there by an entirely independent agent. Further, it cannot well be disputed that the presence of these pieces of machinery at least partially obstructed the view of a motorist who approached the crossing from the direction in which this driver did. Certainly the evidence was sufficient to make it a question for the jury as to whether or not these pieces of machinery substantially obstructed the view of the driver of this automobile.

Defendant contends that the presence of the machinery did not constitute an independent act of negligence on its part and is at best a fact to be considered among others in determining whether it was negligent. We disagree. This obstruction taken alone was a sufficient act of negligence to render defendant liable. The question of negligence was submitted to the jury. The jury found against defendant. This finding must stand. It is not negligence to place or maintain obstructions necessary to the operation of the railroad near the crossing, such as cars on a siding, a station, a tool shed, an engine, etc. See Lawson v. M. St. P. & S. S. M. Ry. Co. 174 Minn. 404, 219 N. W. 554; Bannister v. Illinois Cent. R. Co. 199 Iowa, 657, 202 N. W. 766; Hinderer v. Ann Arbor R. Co. 237 Mich. 232, 211 N. W. 734. This, however, is a case where the obstruction was in no way necessary to the operation of the railroad. The machinery had remained on the right of way approximately ten months. Since the track was in constant usage, the defendant had notice thereof. It was a fair question for the jury whether defendant was negligent in maintaining for nine or ten months an obstruction entirely unnecessary to any operation or movement of its trains.

The question of proximate cause was submitted under full instructions, and the finding was for plaintiff. There is no sound reason for disturbing it. There is no question of contributory negligence presented on this record.

The order appealed from is hereby affirmed.