LEITCH *v.* GETZ.

1. TRIAL—COUNTERACTION.

Procedure in case where plaintiff and defendant sued each other for damages arising out of same collision amounts to the trial of two separate actions at one time.

2. SAME—MOTION FOR DIRECTED VERDICT IN COUNTERACTION—RESERVED DECISION.

Court's reservation of plaintiff's motion for directed verdict in defendant's counteraction, made at conclusion of proofs on ground defendant was negligent as a matter of law *held*, not error where record fails to indicate plaintiff advised court that immediate decision was necessary to avoid prejudice to his own case against defendant, nor, in submitting his own case that he even suggested the court declare defendant negligent as a matter of law (3 Comp. Laws 1929, § 14531).

3. SAME—COUNTERACTION.

In trial of automobile collision case in which defendant filed a cross-action, it is plaintiff's duty to make such claims and requests in his own affirmative action as are pertinent thereto, such as request to hold defendant guilty of negligence as a matter of law.

4. AUTOMOBILES—NEGLIGENCE—QUESTION FOR JURY.

On plaintiff's appeal from verdict of not guilty in both action and counteraction for damages arising from automobile collision at an intersection, in which plaintiff claims defendant should have been held guilty of negligence as a matter of law, testimony most favorable to defendant is accepted and record, so construed, *held*, to present question of defendant's negligence as a matter for jury.

5. SAME — NEGLIGENCE — INTERSECTION COLLISION — QUESTION FOR JURY.

Question of negligence of defendant motorist on trunkline highway who had right of way at intersection he approached at rate of 45 miles an hour in view of plaintiff who had just started to cross about 70 feet ahead of defendant, and where visibility on foggy afternoon was 500 feet, *held*, for jury.

6. Evidence — Speculation — Automobiles — Speed — Intersection Collision.

> Testimony of witness estimating speed of defendant's car, involved in collision with plaintiff's car at an intersection, based on weight of cars and distance and direction they moved after the collision *held*, speculative and properly excluded.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 8, 1936. (Docket No. 21, Calendar No. 38,806.) Decided June 4, 1936.

Case by Earl D. Leitch against Floyd Getz for damages for personal injuries suffered in an automobile collision at an intersection. Cross-declaration by defendant against plaintiff for damages. Verdict and judgment of no cause of action as to each action. Plaintiff appeals. Affirmed.

*Fred P. Geib,* for plaintiff.

*Smith, Searl & Strawhecker,* for defendant.

Fead, J. Plaintiff's action is for negligent injuries sustained in a collision of automobiles. Defendant filed counter-declaration for damages arising from the same collision. The jury returned a verdict of not guilty as to both actions. Plaintiff appeals.

At conclusion of the proofs, plaintiff moved for directed verdict in defendant's counteraction, upon the ground that defendant could not recover as he had been guilty of negligence as a matter of law. The court reserved decision on the motion, as permitted by statute (3 Comp. Laws 1929, § 14531). While plaintiff prevailed in the countersuit and decision upon the motion became unnecessary, he claims its reservation was prejudicial to his own

case against defendant because, if the court had granted the motion, defendant's counterclaim would have been wholly disposed of and plaintiff's cause of action submitted to the jury on the sole question of his own contributory negligence instead of on negligence of both parties.

Plaintiff's contention is untenable as a matter of practice. The procedure in the case amounts to a trial of two separate actions at one time. Plaintiff's motion was directed and appropriate only to defendant's counteraction against plaintiff. The record does not indicate that plaintiff advised the court that immediate decision on the motion was necessary to avoid prejudice to his own case against defendant; nor, in the submission of his own case, that he suggested, by request to charge or otherwise, that the court declare defendant negligent as a matter of law. It was plaintiff's duty to make such claims and requests in his own affirmative action as were pertinent thereto. Otherwise, in this sort of proceeding, a party could lie in wait for the court and have review upon a matter not claimed in the trial of his own case.

Also, defendant was not guilty of negligence as a matter of law. Accepting the testimony most favorable to him, it appears that the collision occurred at a road intersection; defendant was driving east at 45 miles per hour on a trunkline highway; the accident occurred on a damp pavement, in the afternoon of a foggy day but with a visibility of 500 feet or more; defendant first saw plaintiff when 60 or 70 feet from him; plaintiff then was at the intersection, off the pavement at the south side and just starting north; plaintiff ran upon the pavement and, when his front wheels were about two feet over the center line, he stopped, obstruct-

ing defendant's lane of easterly travel; defendant turned to the left to pass in front of plaintiff's car, whereupon plaintiff started his car again and defendant turned back toward the east-bound lane to pass him; his car skidded and his left front wheel struck plaintiff's left hind wheel.

Defendant was on a trunkline highway and had the right of way. There is no unequivocal rule of law which declares that a speed of 45 miles per hour is negligence when visibility is 500 feet. It is not undisputed that defendant was on the wrong side of the road before he crossed the center in an attempt to avoid collision. If defendant saw plaintiff when they were 70 feet apart, plaintiff could have seen defendant at the same distance and no legal rule required defendant to anticipate that plaintiff would enter the intersection and block his lane of travel. Nor does any rule require a driver on a trunkline highway to keep his car under such control as to be able to stop within 70 feet. Under defendant's testimony he was confronted by an emergency which may or may not have been partly caused by his own conduct prior to discovering plaintiff. Many of defendant's claims of fact were disputed but, upon his own testimony, his negligence was a jury question, at most.

Plaintiff presented a witness to offer an estimate of the speed of defendant's car, upon the basis of the weight of the cars and the distance and direction they moved after the collision. The hypothetical question did not cover the situation. No attempt was made, other than bare assertion of the witness as to his qualification, to indicate that the infinite number of points of variability in automobile collisions affords sufficient certainty of cause and effect to permit scientific speed estimates. Without such

showing, we could hold the testimony no more than speculation. The testimony was properly excluded. *Hinderer* v. *Railroad Co.*, 237 Mich. 232 (26 N. C. C. A. 871).

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.