GRAND TRUNK WESTERN RAILROAD COMPANY *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIM.

The merits of plaintiff's case against defendant city are not considered, where adverse decision to plaintiff is made because of its failure to present claim for consideration by common council pursuant to statutory and charter prerequisites (CL 1948, § 242.8; Detroit Charter, title 6, chap 7, §§ 11, 12).

2. MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS—COMMON COUNCIL.

Plaintiff railroad company's failure to present its claim against defendant city to its common council for city's alleged negli-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur, Municipal Corporations § 673 *et seq.*

gence in maintaining a traffic sign so close to plaintiff's right-of-way as to cause injury to plaintiff's employee or for indemnification or damages on account of the maintenance of a nuisance constituted a bar to the action (CL 1948, § 242.8; Detroit Charter, title 6, chap 7, §§ 11, 12).

Appeal from Wayne; Brennan (John V.), J. Submitted April 13, 1955. (Docket No. 21, Calendar No. 46,355.) Decided June 6, 1955.

Case by Grand Trunk Western Railroad Company, a foreign corporation, against the City of Detroit, a municipal corporation, for contribution in connection with settlement with injured employee. Judgment for defendant. Plaintiff appeals. Affirmed.

*H. V. Spike* and *F. B. Henderson (W. W. MacPherson,* of counsel), for plaintiff.

*Paul T. Dwyer,* Corporation Counsel, and *Leo E. LaJoie* and *Alfred Sawaya,* Assistants Corporation Counsel, for defendant.

BUTZEL, J. Grand Trunk Western Railroad Company, plaintiff, brought suit against the city of Detroit claiming implied indemnity for the sum of $13,174.20 which plaintiff paid its employee, Kenneth S. Tasker. Defendant had caused a sign to be attached to a utility pole which was contiguous to plaintiff's track where it crossed St. Aubin street in the city of Detroit. It was a "No Left Turn" sign, 32 inches by 40 inches in size and was attached to the pole some 11 feet from the ground, the edge of the sign being 7.1 feet from a perpendicular rising from the center line of the track at a point nearest the sign. Tasker, a locomotive fireman, was on the left running board of a locomotive which was backing up on this track at about 5 miles per hour, when he was

severely injured by coming in contact with the sign. This occurred on April 15, 1949. The sign had been erected several years prior to the time of the accident.

Shortly afterward plaintiff's chief claims agent notified the defendant's corporation counsel's office of the facts of the accident, the letter saying that "undoubtedly the city of Detroit will be involved in the adjustment of claim." Plaintiff later "tendered" the case to defendant for handling, apparently considering the city to be the responsible party. Correspondence and personal contact between the two followed and defendant made known its view that a public hearing was required for the purpose of obtaining the necessary information. Defendant also made clear that no action could be taken on its part without such a hearing. No hearing was held and no petition or claim was ever filed with the council. Plaintiff advised defendant that a settlement meeting would be held with the injured employee and that plaintiff "would like to include the city of Detroit representatives at this meeting." Defendant did not participate in the settlement but asked to be advised of its outcome. Pressure was brought upon the railroad and threat was made to institute proceedings in a jurisdiction "where verdicts were reputedly much larger, in prospect, than in this jurisdiction." Thereafter, a settlement in the amount of $11,000 plus medical and other expenses was effected between plaintiff and its employees, the railroad receiving a covenant not to sue. Plaintiff apparently settled the case in view of the provisions of the Federal employers' liability act, 45 USCA, § 51 *et seq.,* under which its liability is predicated upon negligence and contributory negligence is not a bar to recovery. The following day a suit in Tasker's name was commenced against the defendant city. It was admitted that this was a mistaken remedy in every respect and

2–1/2 years later the suit was dismissed by stipulation. The railroad then commenced the instant case.

It is plaintiff's initial claim that defendant was negligent in maintaining the sign so near the tracks and therefore plaintiff is entitled to indemnification or contribution for amounts paid its employee because of such negligence. Plaintiff admits to being passively negligent, but seeks contribution under the settled joint tort-feasors' rule in that regard. See *Village of Portland* v. *Citizens Telephone Co.*, 206 Mich 632. *Cf.*, CL 1948, § 691.561 *et seq.* (Stat Ann § 27.1683[1] *et seq.*).

In a second count plaintiff seeks recovery on the ground that the sign as maintained was a nuisance. Plaintiff claims here that it seeks indemnification, not as a passively negligent joint tort-feasor, but merely as one who has been required to pay its employee on account of a nuisance maintained by another, the defendant. However, in view of our decision we need not consider the substance of these causes of action or other questions raised.

The lower court ruled, *inter alia*, that plaintiff did not comply with the prescribed statutory and charter prerequisites necessary to make the defendant subject to suit. In particular, the charter of the city of Detroit, title 6, chapter 7, § 11, provides:

"The common council shall audit and allow all accounts chargeable against the city, but no unliquidated account, or claim, or contract shall be received for audit or allowance unless it is accompanied by an affidavit of the person rendering it, to the effect that he verily believes that the services or property therein charged have been actually performed or delivered to the city, and the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists, nor payment has been made on account thereof, except as are included or referred to in such account or claim. It

shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city that it has never been presented to the common council for audit or allowance or if on contract that it was presented without said affidavit and rejected for that reason or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it."

In addition the charter of the city of Detroit, title 6, chapter 7, § 12, provides that no action shall be brought for negligent injury unless written notice is served on the corporation counsel. See, also, CL 1948, § 242.8 (Stat Ann § 9.598). Considering this case as basically a negligence action, we need not decide whether the correspondence between the parties constitutes compliance with this latter provision. It is clear that plaintiff never presented its claim to, nor was it ever brought before, the common council and therefore action upon it is barred. *Selden* v. *Village of St. Johns,* 114 Mich 698; *Springer* v. *City of Detroit,* 102 Mich 300; see *Buhler* v. *City of Detroit,* 274 Mich 139. Considering this action as one for indemnification or damages on account of the maintenance of a nuisance, it is equally clear that it cannot be allowed because of the failure to file a claim therefor with the council. *Northrup* v. *City of Jackson,* 273 Mich 20. Under either of plaintiff's theories the requirements of the charter are mandatory and were not complied with. As the judge below stated:

"Lawsuits rest on well-known legal, procedural demand, and not on invitation or request to participate in settlement."

Judgment for defendant is affirmed, with costs.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.