## MIKELSAVAGE v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS—NOTICE—
   STATUTES—ORDINANCES.

   Compliance by claimant for personal injuries, sustained by rea-
   son of claimed defective sidewalk in city street, with statute
   as to notice to city of injury, was sufficient notice, notwith-
   standing city ordinance provision delegating to the corporation
   counsel the power to audit and allow or reject such claims,
   subject to the approval of the common council, especially in
   view of clause in general highway law in respect to such
   claims that "no other or further notice shall be required"
   (CL 1948, § 242.8; Detroit Ordinance No 506-E, § 1).

2. SAME—ORDINANCES—STATUTES.

   Trial court's construction of city ordinance provision whereby
   corporation counsel was given authority to audit and allow
   or reject all damage claims arising from defective highways,
   subject to the approval of the common council, as a reason-
   able and proper exercise of the police power *held*, in contra-
   vention to State statute setting forth the manner in which
   such a claim should be presented against a city (CL 1948,
   §§ 117.36, 242.8; Detroit Ordinance No 506-E, § 1).

   BUTZEL, SMITH, and KELLY, JJ., dissenting.

Appeal from Wayne; Jayne (Ira W.), J. Sub-
mitted June 10, 1955. (Docket No. 52, Calendar No.
46,493.) Decided December 1, 1955. Rehearing
denied March 1, 1956.

Case by Sophie Mikelsavage against City of De-
troit, a municipal corporation, for damages suf-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur, Highways §§ 550–559.
[1, 2] Persons upon whom notice of injury or claim against municipal
corporation may or must be served. 23 ALR2d 969.

fered in fall on sidewalk. Dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Larry Middleton* (*Harold Helper,* of counsel), for plaintiff.

*Paul T. Dwyer,* Corporation Counsel, *Leo E. La-Joie* and *Alfred Sawaya,* Assistants Corporation Counsel, for defendant.

REID, J.  Plaintiff brought suit against defendant city alleging that while she was a pedestrian walking on the sidewalk in defendant city she was injured, thrown to the sidewalk with great force and violence, suffered physical injuries, without negligence and without contributory negligence on her part, and that her injuries were due to the sole negligence of the defendant because of the hazardous condition of the sidewalk as maintained by defendant, the sidewalk being not in a reasonably safe condition fit for travel and negligently maintained by the defendant.  The declaration describes the condition of the sidewalk claimed to be hazardous, unsafe and so maintained by the defendant.  After the filing of a declaration and answer thereto, with reply of plaintiff to the affirmative allegations in the answer, the defendant moved to dismiss the plaintiff's suit for failure to comply with ordinance of the city of Detroit 506–E, § 1, which, in part (as set forth in defendant's brief), is as follows:

"Power is hereby delegated to the corporation counsel to audit and allow or reject, subject to the approval of the common council, all damage claims, including personal injury and property damage, (exclusive of any such claims against the department of street railways), and such other claims as are the immediate subject of litigation."

Acting under authority of ordinance 506–E, § 1, defendant's corporation counsel notified plaintiff's attorney that a hearing on her claim would be held in the corporation counsel's office. Plaintiff refused to comply with said city ordinance, and notice thereunder. Plaintiff offered compliance with CL 1948, § 242.8 (Stat Ann § 9.598), the pertinent portions of which (after specification of what notice must be given the city in cases of this sort) are as follows:

"The notice will specify the location and nature of said defect, the injury sustained, and the names of the witnesses known at the time by claimant. If required by the common council or committee thereof, said claimant shall produce his witnesses before said common council or committee, and they may be sworn and examined as to the nature of the claim, the amount thereof, and the extent of the injury. The common council or committee shall have power to subpoena witnesses for such hearing. *No other or further notice shall be required.* The intent and purpose of the provisions of this chapter are to make the law of liability on the part of townships, villages and cities for injuries sustained by persons because of the defective condition of the highways and the procedure in giving notice thereof, uniform throughout the State, and to repeal all laws or acts of the legislature be the same general, local or special which are inconsistent with or contravening the provisions herein." (Italics supplied.)

The court cited and in part based his opinion on Detroit city charter, title 6, ch 7, § 11, and title 3, ch 1, § 13(c), which charter provisions were not offered by counsel nor received in evidence nor do they appear in the record. Defendant did not base its motion to dismiss upon charter provisions, hence, they are not before us for consideration.

The trial court dismissed plaintiff's suit, for failure to comply with the notice served on her by defendant.

In the instant case the claim was filed with the city council and the corporation counsel received notice; hence, plaintiff complied with the requirements commented on in *Grand Trunk Western Railway Company* v. *City of Detroit*, 342 Mich 537. But differing from the *Grand Trunk Company Case,* in the instant case defendant demanded plaintiff to come to a hearing before the corporation counsel. No *hearing* before the corporation counsel, but *notice* to the corporation counsel, is spoken of in the *Grand Trunk Railway Company Case,* which case has, therefore, no bearing upon the decisive question involved in the instant case, namely, *hearing* before the corporation counsel.

In *Knapp* v. *City of Detroit,* 295 Mich 311, we say (syllabus 8):

"Unsworn written notice of claim for injuries, sustained by plaintiff because of defective street, given to city within 60 days from injury, was sufficient notice, notwithstanding charter requirement that claim be verified, especially in view of requirement of the general highway law in respect to such claims that 'no other or further notice shall be required' than written notice upon the municipality within 60 days."

"No provision of any city charter shall conflict with or contravene the provisions of any general law of the State." CL 1948, § 117.36 (Stat Ann § 5.- 2116).

In support of her opposition to the motion to dismiss, plaintiff offered the affidavit of her attorney which, among other things, recites:

"That deponent arranged for an investigator of the defendant to interview his client the above-named plaintiff, and had her appear for a medical examination at Receiving Hospital for the city of Detroit; that on July 8, 1954, deponent advised the city clerk, that he was willing to arrange for his

client and her witnesses to appear before the common council, or a proper committee of said body, in accordance with the statute, to-wit  *  *  *  [CL 1948, § 242.8 (Stat Ann § 9.598)]."

The ordinance in question attempts to alter and enlarge the permissive authority conferred upon the common council or committee thereof to conduct a hearing and would substitute for such common council or committee thereof, an appointive official contrary to the plain meaning of the statute. The statute had set forth the procedure.

The ordinance in question as construed and applied by the trial court contravenes the statute and would tend to defeat the purpose of the statute as set forth in the portion thereof above cited, namely, uniformity of procedure throughout the State of giving notice to municipalities of injury because of defective condition of highways. It is fairly to be implied that there should be, after notice is served, uniformity of procedure including hearing of the nature in controversy. The ordinance is void in respect to the hearing in controversy. Other questions raised herein, need not in view of our decision, be directly answered.

The order of dismissal is reversed. The matter is remanded to the trial court for further proceedings. Appellant may have costs of this appeal.

Carr, C. J., and Sharpe, Boyles, and Dethmers, JJ., concurred with Reid, J.

Butzel, J. (*dissenting*). The reasoning of the opinion for reversal indicates that there is no necessity for presentation in addition to notice. It would result in invalidating the ordinance providing for presentation to the corporation counsel. The opinion seems not to recognize the distinction be-

tween the 2 concepts of notice and presentation for audit and allowance.

The purpose of notice is to afford opportunity for investigation and to confine a future plaintiff to substantially the character of the defect alleged with a view to settlement or proper investigation and defense of the claim. *Harrington* v. *City of Battle Creek,* 288 Mich 152. The purpose of presentation, on the other hand, is final action upon the results of the investigation prompted by the notice. At the last term of Court we held that presentation as well as notice is a mandatory prerequisite to suit. *Grand Trunk Western R. Co.* v. *City of Detroit,* 342 Mich 537. See, also, *Moulthrop* v. *City of Detroit,* 218 Mich 464. When my Brother states that the *Grand Trunk Case* involved "notice to the corporation counsel" he is obviously in error. I quote from the case, 342 Mich at 541:

"It is clear that plaintiff never presented its claim to, nor was it ever brought before, the common council and therefore action upon it is barred."

Sufficient *notice* was given in the *Grand Trunk Case* but our reaffirmation of the requirement for presentation, as well as notice, emphasizes the distinction between the two.

The statute, CL 1948, § 242.8 (Stat Ann § 9.598), after providing for uniform notice, provides in part:

"If required by the common council or committee thereof, said claimant shall produce his witnesses before said common council or committee, and they may be sworn and examined as to the nature of the claim, the amount thereof, and the extent of the injury. The common council or committee shall have power to subpoena witnesses for such hearing."

The statute itself contemplates a hearing in addition to the notice. Read with the cases involving city ordinances the statute means that in connection

with the mandatory presentation of the claim to the council for audit and allowance (or rejection) that body may also hear witnesses and take sworn testimony if it desires to do so in the particular instance. The requirement of an initial proper and uniform notice is not thereby affected or obviated.

It becomes obvious, therefore, that reliance upon *Knapp* v. *City of Detroit*, 295 Mich 311, is ill-founded. In that case the charter of the city of Hamtramck provided for notice "in writing and under oath." We held the charter provision invalid insofar as it called for *notice under oath*, because the statute, CL 1948, § 242.8 (Stat Ann § 9.598), merely required *unsworn* notice and provided that "No other or further notice shall be required." However, the case is irrelevant here because the question before us is not one of notice but one of presentation subsequent to such notice. Notice is one thing, presentation yet another. As we are not here concerned with the type or extent of notice, as was the Court in the *Knapp Case*, reliance thereon in the instant case is erroneous.

The admitted facts are that plaintiff gave the proper notice and that she stood ready to present her claim to the common council but refused to do so before the assistant corporation counsel pursuant to said ordinance. The real issue, then, is: Before whom is the presentation proper? Is the ordinance delegating the duty to the corporation counsel valid? The result of my Brother's opinion, confusing presentation for final action with notice, has been to invalidate this ordinance. I must disagree with his conclusion.

It is plaintiff's argument that the quoted statute permits the council, and the council only, to pass upon the claims and hear witnesses and therefore the charter provision and pursuant ordinance delegating this duty to the corporation counsel is void.

However, we do not think that a statute which merely contemplates the hearing of the claim by a certain body necessarily prevents the delegation of that duty if otherwise legally permitted. As a home-rule city Detroit is empowered by statute, CL 1948, § 117.4j, subd (3) (Stat Ann § 5.2083, subd [3]), to enact charter provisions which may provide:

"For the exercise of all municipal powers in the management and control of municipal property and in the administration of the municipal government, whether such powers be expressly enumerated or not; for any act to advance the interests of the city, the good government and prosperity of the municipality and its inhabitants and through its regularly constituted authority to pass all laws and ordinances relating to its municipal concerns subject to the Constitution and general laws of this State."

In *People* v. *Sell,* 310 Mich 305, we reaffirmed previous decisions to the effect that the home-rule act was to be liberally construed and left many things to be implied from the power conferred. Title 3, ch 1, § 13(c) of the charter of the city of Detroit originally provided for allowance and audit of claims by the common council. See, also, title 6, ch 7, § 11. Recently title 3, ch 1, § 13(c), was amended to empower the council:

"To audit and allow or reject claims and accounts against the city, except as herein otherwise provided: Provided, that the common council may by ordinance provide for the delegation of this power, subject to the approval of said common council."

Pursuant thereto, ordinance 506–E, Municipal Code, City of Detroit, 1954, ch 6, § 1, was enacted, providing in part:

"Power is hereby delegated to the corporation counsel to audit and allow or reject, subject to the approval of the common council, all damage claims,

including personal injury and property damage
\* \* \* and such other claims as are the immediate
subject of litigation."

In *People* v. *Sell, supra,* at 321, we stated:

"It should be borne in mind that prohibitions
against the delegation of municipal legislative au-
thority are substantially the same as those against
the delegation of State legislative authority."

We have upheld a delegation of power by the
legislature to determine facts or the state of things
upon which the applicability of the law depends, as
well as the exercise of some discretion. *Tribbett* v.
*Village of Marcellus,* 294 Mich 607; *Toole* v. *Michi-
gan State Board of Dentistry,* 306 Mich 527; *Milk
Marketing Board* v. *Johnson,* 295 Mich 644. It is
generally held that a delegation by a municipality
is proper where it concerns ministerial or admin-
istrative duties as opposed to purely legislative or
discretionary acts. See *City of Flint* v. *Stockdale's
Estate,* 149 Mich 214; 2 McQuillin, Municipal Cor-
porations (3d ed), § 10.41.

The Detroit city charter divides the powers and
duties of the common council into legislative and
administrative categories and the duty to audit and
pass upon claims is under the latter. This duty is
essentially a fact-finding function, administrative in
nature. The statute and the charter prior to its
amendment contemplated a review of the claim by
the common council with the right to swear wit-
nesses. This essentially amounted to a recapitula-
tion of the fact-finding and investigative function
performed by the corporation counsel and his staff
pursuant to notice given by the claimant. The coun-
cil then took final action. Under the charter and
ordinance provisions delegating the function the
only discretion reposed in the corporation counsel
in effect is to recommend the action which the com-

mon council should take. That recommendation is expressly "subject to the approval of the common council." In *Attorney General* v. *Guy,* 334 Mich 694, 705, we held a charter provision regarding action by a common council on "recommendation of the municipal judge" not to be an invalid delegation of power. We stated that the council "has the power to act upon the recommendation as it sees fit."

The same is true in the instant case. Any so-called discretion lodged in the corporation counsel by this delegation of duty amounts to a little more than what he is empowered to do generally as the legal adviser to the city. The essence and extent of his duty under the delegation is a determination of the facts, a conclusion as to liability and a recommendation to the council. No exercise of any legislative function is at all involved. Viewed in all of its aspects we think this duty can be legally delegated by the common council to the corporation counsel.

In arguing the invalidity of the delegation appellant contends that the function is a quasi-judicial one expressly involving the power to subpoena and swear witnesses and for that reason is not delegable. Insofar as the power to subpoena and swear witnesses is concerned it is not at issue in this case and does not present a bar to delegation even if not itself specifically delegated.

The accompanying opinion for reversal further states:

"Defendant did not base its motion upon charter provisions, hence, they are not before us for consideration."

I quote from defendant's motion to dismiss:

"The *charter* and ordinances of the city of Detroit makes special provision for referral of these matters to the corporation counsel for the conducting of these investigations, subject to approval of

the common council, and the plaintiff is subject to such provision." (Emphasis added.)

The opinion granting the motion in the court below was specifically based upon the charter provision and the ordinance. I quote from the opinion:

"Based on city of Detroit charter, title 6, ch 7, § 11, and title 3, ch 1, § 13(e), and ordinance 506-E, the defendant city moves to dismiss because of failure to comply, especially with section 1 of ordinance 506-E. * * *

"The charter provisions and the supplemental ordinance would seem to be a reasonable and proper exercise of the police power.

"The defendant's motion is therefore granted and an order may be prepared dismissing the cause."

Plaintiff argues that the court below erroneously took judicial notice of the charter and ordinance provisions. The charter and ordinance provisions were not introduced as evidence in the usual manner, nor were they introduced in the manner provided for by the statute specifically and explicitly dealing with this matter. CLS 1954, § 617.26 (Stat Ann 1953 Cum Supp § 27.875).

As a rule the circuit court does not take judicial notice of the city ordinance, *Hinderer* v. *Ann Arbor R. Co.*, 237 Mich 232 (26 NCCA 871); *Zawicky* v. *Flint Trolley Coach Co., Inc.*, 288 Mich 655, though it could take judicial notice of the charter provision. *People, ex rel. Bolt,* v. *Riordan,* 73 Mich 508, 517. As noted, the motion to dismiss referred only generally to the charter and ordinances of the city of Detroit but did not cite or quote the provisions specifically relied upon or involved. Plaintiff's affidavit in opposition to the motion to dismiss stated that any provision of the Detroit city charter requiring delegation was void as in conflict with the statute. It contained no allusion to the specific charter or ordi-

nance provision.   The motion to dismiss did refer to the ordinances and plaintiff did not make any claim that the court could not take judicial notice of them.   The court in its opinion on the motion said:

"The plaintiff, as before said, admits failing to comply but insists that he need only comply with the provisions of the statute, CL 1948, § 242.8 (Stat Ann § 9.598), which he claims he offered to do by coming before the common council itself or committee thereof.   This the defendant insists is insufficient.

"This is, to our knowledge, the first test of the validity of this ordinance.   It has been the established practice for years for the claimants to present themselves to a specially delegated assistant corporation counsel, who makes the examination, conducts an inquiry and reports his findings to the common council, who then pass thereon.

"It is obvious that the common council itself could not handle the multitude of claims which are constantly coming before them.   The charter provisions and the supplemental ordinance would seem to be a reasonable and proper exercise of the police power."

However, it is apparent that the court below was not aware of or given an opportunity to pass upon the judicial notice question, which seems to have been initially raised in the statement of reasons and grounds for appeal.   It is too late to raise it now and we decline to pass upon the issue.   See *Retzloff v. Chase,* 226 Mich 194.

The order dismissing the plaintiff's suit should be affirmed.   No costs, a public question being involved.

SMITH and KELLY, JJ., concurred with BUTZEL, J.